IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| § | |
| v. § | Criminal No. 1:23-cr-121-HSO-RPM-1 |
| § | |
| § | |
| § | |
| **JOHN ROGER CLAYTON** § | |

### ORDER DENYING DEFENDANT JOHN ROGER CLAYTON'S MOTION [18] FOR COMPASSIONATE RELEASE

Defendant John Roger Clayton seeks release under 18 U.S.C. § 3582.  *See* Mot. [18].  Clayton's Motion [18] should be denied.

I.  BACKGROUND

A.  Clayton's Conviction and Sentence

Pursuant to a Plea Agreement [8] with the Government, on October 31, 2023, Defendant John Roger Clayton ("Defendant" or "Clayton") pleaded guilty to the single-count Bill of Information [1] in this case, which charged him with knowingly and intentionally conspiring with others to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  Info. [1] at 1.  This charge carried a maximum statutory term of imprisonment of 20 years.  *See* Doc. [1-1] at 1.

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR").  *See* PSR [13] (filed under seal).  Based upon a total offense level of 37 and a criminal history category of III,

Clayton's Guidelines imprisonment range would have been 262 to 327 months, but because the statutory maximum sentence of 20 years was less than the minimum of the applicable Guidelines range, the Guidelines range was 240 months. *Id.* at 27 (citing U.S.S.G. §5G1.1(a)). The Court sentenced Clayton to a 240-month term of imprisonment. *See* J. [15] at 2.

Clayton, who is now 77 years old, is presently incarcerated at Butner Federal Medical Center ("Butner FMC") in Butner, North Carolina. *See* PSR [13] at 24 (filed under seal); Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating John Roger Clayton, Register Number: 99676-131, located at Butner FMC) (last visited Oct. 29, 2025). With a projected release date of September 23, 2040, he has served approximately 25% of his total sentence. *See* J. [15] at 2; BOP Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 09/23/2040" for John Roger Clayton, Register Number: 99676-131) (last visited Oct. 29, 2025).

B.  Clayton's Request for Compassionate Release

Proceeding pro se, on September 19, 2025, Clayton filed the present Motion [18] for Compassionate Release under 18 U.S.C. § 3582. *See* Mot. [18]. Clayton argues that there are extraordinary and compelling reasons justifying his release. Specifically, he claims that: (1) he is suffering from a terminal illness, *see id.* at 4 (citing U.S.S.G.§ 1B1.13(b)(1)(A)); (2) he is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or a deterioration in his physical or mental health because of the aging process, from which he is not

2

expected to recover, which substantially diminishes his ability to provide self-care within a correctional environment, *see id.* (citing U.S.S.G. § 1B1.13(b)(1)(B)); (3) he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided" and without which he is "at risk of serious deterioration in health or death," *id.* at 5 (citing U.S.S.G. § 1B1.13(b)(1)(C)); and (4) there "is another circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above, are similar in gravity to the reasons described above," *id.* (citing U.S.S.G. § 1B1.13(b)(5)); *see also* Reply [23] at 1.

Clayton states that he is an elderly inmate with prostate cancer and that "FCI Beaumont Low Health Services department lack[s] the proper adequate treatment" for his condition. Mot. [18] at 7. Clayton asserts that he also suffers from other chronic health conditions, including "hypertension, high cholesterol, Type II diabetes, gastroesophageal reflux disorder (GERD), lymphedema, poor circulation, prostate issues, chronic Hepatitis C virus, osteoarthritis in both knees, and alcohol-related gastritis." Ex. [18-4] at 2. He further states that he still has a bullet in his abdomen from being shot in September 1973, along with "symptoms consistent with post-traumatic stress disorder which manifested as a result of his combat tour in the Vietnam War." *Id.* Clayton contends that he "received an unusually long sentence" and that proposed new amendments to the Guidelines "will contribute to changing [his] sentence." Mot. [18] at 5; *see* Reply [23] at 1-2. According to Clayton, sentencing him in his seventies to a 20-year sentence "is

3

equivalent to a life sentence," Reply [23] at 1, such that the Court should "reevaluate [his] offense level (base) then apply the new drug guideline," *id.* at 2.

      The Government opposes the Motion [18], arguing that Clayton has not shown any extraordinary and compelling reasons warranting early release, and that the factors set forth at 18 U.S.C. § 3553(a) weigh against it. Resp. [16] at 6. It contends that Clayton's sentence is not unusually long and he has not met the other requirements for obtaining relief under Sentencing Guideline § 1B1.13(b)(6). *See id.* at 6-7. With respect to any Guidelines amendments, the Government points out that "Clayton fails to specify what, if any, of the new amendments to the Sentencing Guidelines will potentially affect his sentence," *id.* at 8, and even if there were any retroactive changes, they do not take place until November 1, 2025, well after Clayton's Motion [18] was filed in September 2025, *see id.* at 9. Further, "[w]hile Clayton's medical records do demonstrate that he has prostate cancer, even a cursory glance of his records reveals that the BOP *is* providing adequate care." *Id.* (emphasis in original); *see also id.* at 9-10. And although Clayton's illness "may have progressed while he has been in custody, this is not an unforeseeable development, nor something that the BOP was unprepared for." *Id.* at 10. The Government insists that, "contrary to Clayton's assertion, the BOP is taking steps to ensure that he receives the necessary care for his condition," *id.*, and "has also monitored all of Clayton's other chronic conditions," *id.* at 11. "Additionally, while prostate cancer is potentially terminal if left untreated, nothing in Clayton's medical records suggests his doctors are preparing him for end-of-life treatment."

*Id.* at 12. Finally, even if there were some extraordinary and compelling reason warranting relief, the Government maintains that the § 3553 factors weigh against early release. *See id.* at 13-18.

## II. DISCUSSION

A. <u>Relevant Legal Authority</u>

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)    in any case—
>    (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>       (i)    extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must

*Id.* at 12. Finally, even if there were some extraordinary and compelling reason warranting relief, the Government maintains that the § 3553 factors weigh against early release. *See id.* at 13-18.

## II. DISCUSSION

A.    <u>Relevant Legal Authority</u>

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)    in any case—
>    (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>       (i)    extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must

be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id*.

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022); *see also Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (holding that "the burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors" (quotations and alterations omitted)).

The applicable Sentencing Commission policy statement provides that extraordinary and compelling reasons may exist when certain circumstances, alone or in combination, are present. *See* U.S.S.G. § 1B1.13(b) (2024). Those include certain medical conditions of the defendant, his family circumstances, or other reasons that are similar in gravity. *Id*.

B.  Analysis

The Government has not raised exhaustion, *see* Resp. [19], so the Court may proceed to consider the Motion [18] on its merits. Having reviewed the record, the Court finds no extraordinary and compelling reasons exist justifying a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(b) (2024). And even if there were one, the § 3553 factors weigh against such reduction.

1.  Whether Any Extraordinary and Compelling Reasons Exist

a.  Clayton's Advanced Age

Clayton refers to himself as an elderly inmate, *see* Mot. [18] at 7, and he is 77 years old, *see* PSR [13] at 24 (filed under seal); BOP Inmate Locator,

6

https://www.bop.gov/inmateloc/ (stating John Roger Clayton, Register Number: 99676-131, located at Butner FMC) (last visited Oct. 29, 2025). U.S.S.G. § 1B1.13(b)(2) provides that a defendant's age may constitute an extraordinary and compelling reason if he:

> (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13(b)(2) (2024). Clayton was sentenced to a 240-month term of imprisonment; 75% of his sentence would be 180 months, or 15 years. *See* J. [15] at 2; U.S.S.G. § 1B1.13(b)(2) (2024). But Clayton has only served a little over 5 years of his sentence, making this provision inapplicable to him. *See* U.S.S.G. § 1B1.13(b)(2) (2024).

b.  <u>Clayton's Medical Conditions and Treatment</u>

Clayton references a host of chronic medical conditions, but he primarily complains of BOP's purported failure to treat his prostate cancer, which he insists is a terminal illness. *See* Mot. [18] at 7. Under U.S.S.G. § 1B1.13(b), certain medical circumstances can constitute an extraordinary and compelling reason, including:

> (A)  The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (B)  The defendant is—
>   (i)   suffering from a serious physical or medical condition,
>   (ii)  suffering from a serious functional or cognitive impairment, or

   (iii) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(A)-(C) (2024).

While there appears to be no dispute that Clayton has prostate cancer, he has presented nothing other than a conclusory statement that the illness is terminal. *See id.*; Mot. [18]. Nor is there any evidence indicating that any of his medical conditions substantially diminish his ability to provide self-care within the correctional environment. *See* U.S.S.G. § 1B1.13(b)(1)(B) (2024). To the extent that Clayton's prostate cancer and other medical conditions require long-term or specialized medical care, he has not presented evidence showing that such care is not currently being provided. *See* U.S.S.G. § 1B1.13(b)(1)(C) (2024). Rather, Clayton appears to acknowledge in his Reply [23] that, since he filed his Motion [18], he has received some treatment or medical care. *See* Reply [23] at 4 ("If I had not presented this motion for compassionate release, I would still not be receiving treatment."); *id.* at 5, 6 (stating that "I spoke to the Warden verbally[,] and she made the medical staff expedite my appointment (via Zoom) to the oncologist," but also that "[t]he BOP has yet to provide any treatment for me"). It also appears that Clayton has been transferred from FCI Beaumont Low to Butner FMC, another indication that medical care is being provided. *See* BOP Inmate Locator,

8

https://www.bop.gov/inmateloc/ (stating John Roger Clayton, Register Number: 99676-131, located at Butner FMC) (last visited Oct. 29, 2025). In sum, Clayton has not carried his burden to show an extraordinary and compelling medical reason to warrant a sentence reduction under U.S.S.G. § 1B1.13(b)(1).

c.   <u>Unusually Long Sentence and Guidelines Amendments</u>

Clayton insists that he "received an unusually long sentence" and that proposed new retroactive amendments to the Guidelines "will contribute to changing [his] sentence." Mot. [18] at 5; *see* Reply [23] at 1-2. According to Clayton, sentencing him in his seventies to a 20-year sentence "is equivalent to a life sentence for a man that age," Reply [23] at 1, such that the Court should "reevaluate [his] offense level (base) then apply the new drug guideline," *id*. at 2.

Under U.S.S.G. § 1B1.13(b),

> [i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2024). Otherwise, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c) (2024). But if a defendant is able to establish that an extraordinary and compelling reason

9

warrants a sentence reduction, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

First, Clayton has not demonstrated that he "received an unusually long sentence" or that he "has served at least 10 years of the term of imprisonment"; Section 1B1.13(b)(6) is therefore inapplicable. U.S.S.G. § 1B1.13(b)(6) (2024). And while Clayton vaguely references some anticipated amendments to the Guidelines, it is unclear what provision he is referring to or how it might apply to him. Even if one were to apply, Clayton has not demonstrated that such change would produce a gross disparity between his current sentence and the sentence "likely to be imposed at the time the motion is filed," particularly since the anticipated amendment was not in effect at the time Clayton's Motion [18] was filed. *Id.* Nor has Clayton otherwise demonstrated that any nonretroactive amendment reduction should apply to him. *See* U.S.S.G. § 1B1.13(c) (2024).

2.  <u>Application of 18 U.S.C. § 3553 Factors</u>

Even if Clayton had shown the existence of an extraordinary and compelling reason justifying early release, the § 3553(a) factors weigh strongly against his release. These factors include, among other things, the nature and circumstances of the offense of conviction and the history and characteristics of Defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See* 18 U.S.C. § 3553(a).

The PSR [13] details Clayton's extensive criminal history, beginning at the age of 18. *See* PSR [13] at 17-23 (filed under seal). A large percentage of that history, like the present conviction, involved narcotics, and some involved violence. *See id.* at 18 (guilty of burglary of a dwelling and assault and battery at age 25, and "[a]ccording to a prior presentence report, . . . [it] was described as a bar room brawl"); *id.* at 21 (convictions for robbery with a dangerous weapon, breaking or entering, and assault with intent to inflict serious bodily injury where Clayton struck a woman in the nose, and on the next day, he and an unknown accomplice "forcefully broke into [the woman's] home," beat the woman and her female guest "with the butt of a gun" while one was pregnant, and robbed the woman of $440.00).

Based upon a total offense level of 37 and a criminal history category of III, Clayton's Guidelines imprisonment range would have been 262 to 327 months. *See id.* at 27. This range was driven by, among other things, the large quantity of drugs Clayton trafficked, including a heroin/fentanyl mixture, a co-conspirator's possession of a firearm during the offense, and Clayton's maintaining a premises for the purpose of manufacturing or distributing a controlled substance. *See id.* at 15. But because Clayton was allowed to plead to a one-count Information containing a 20-year maximum statutory sentence, he significantly limited his Guidelines range to 240 months. *See id.* at 27. The Court ultimately sentenced Clayton to that 240-month Guidelines sentence. *See* J. [15] at 2.

Clayton's projected release date is September 23, 2040, meaning he has served roughly only 25% of his sentence. *See id.*; BOP Inmate Locator,

https://www.bop.gov/inmateloc/ (stating "Release Date: 09/23/2040" for John Roger Clayton, Register Number: 99676-131) (last visited Oct. 29, 2025).  The Court considers significant the very serious nature of Clayton's offense of conviction and the length of time he has served, as well as his lengthy criminal history.  Considering the totality of the record before it, the Court finds that releasing Clayton from incarceration at this time would not reflect the gravity of his offense, afford a just punishment, protect the public, or afford adequate deterrence.  *See* 18 U.S.C. § 3553(a).  Clayton's Motion [18] is not well taken and should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant John Roger Clayton's Motion [18] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 30th day of October, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE