**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Criminal No. 1:23-cr-121-HSO-RPM-1** |
| | § | |
| | § | |
| **JOHN ROGER CLAYTON** | § | |

**ORDER DENYING DEFENDANT JOHN ROGER CLAYTON'S
MOTION [27] FOR RECONSIDERATION AND
MOTION [28] FOR VIDEO CONFERENCE HEARING**

In September 2025, Defendant John Roger Clayton sought compassionate release under 18 U.S.C. § 3582, *see* Mot. [18], which the Court denied on the merits on October 30, 2025, *see* Order [24].  Clayton now asks the Court for reconsideration, seeking immediate release from incarceration, *see* Mot. [27], and he requests a video conference hearing in support of his request, *see* Mot. [28]. Clayton's Motion [27] for Reconsideration is not well taken and should be denied, which moots his Motion [28] for Video Conference Hearing.

## I. BACKGROUND

A.   Clayton's Conviction and Sentence

Pursuant to a Plea Agreement [8] with the Government, on October 31, 2023, Defendant John Roger Clayton ("Defendant" or "Clayton") pleaded guilty to the single-count Bill of Information [1] in this case, which charged him with knowingly and intentionally conspiring with others to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  Info. [1] at 1.  This

charge carried a maximum statutory term of imprisonment of 20 years. *See* Doc. [1-1] at 1.

According to the Presentence Investigation Report ("PSR"), *see* PSR [13] (filed under seal), based upon a total offense level of 37 and a criminal history category of III, Clayton's Guidelines imprisonment range would have been 262 to 327 months, but because the statutory maximum sentence of 20 years was less than the minimum of the applicable Guidelines range, the Guidelines range was 240 months, *id.* at 27 (citing U.S.S.G. § 5G1.1(a)). The Court sentenced Clayton to a 240-month term of imprisonment. *See* J. [15] at 2.

Clayton, who is now 78 years old, is presently incarcerated at Butner Federal Medical Center ("Butner FMC") in Butner, North Carolina. *See* PSR [13] at 24 (filed under seal); Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating John Roger Clayton, Register Number: 99676-131, located at Butner FMC) (last visited May 20, 2026). With a projected release date of June 10, 2040, he has served approximately 30% of his total sentence. *See* J. [15] at 2; BOP Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 06/30/2040" for John Roger Clayton, Register Number: 99676-131) (last visited May 20, 2026).

B.     Clayton's Original Request for Compassionate Release

On September 19, 2025, Clayton filed a Motion [18] for Compassionate Release under 18 U.S.C. § 3582, arguing that there were extraordinary and compelling reasons justifying his release. *See* Mot. [18]. The Government opposed

the Motion [18], arguing that Clayton had not shown any extraordinary and compelling reasons warranting early release, and that the factors set forth at 18 U.S.C. § 3553(a) weighed against it.  *See* Resp. [16] at 6.  On October 30, 2025, the Court denied Clayton's Motion on the merits, finding no extraordinary and compelling reasons existed justifying a sentence reduction, and that the § 3553 factors further weighed against any reduction.  *See* Order [24].

C.      Clayton's New Motions [27], [28]

Clayton now seeks reconsideration.  *See* Mot. [27] at 1.  He argues that his 20-year sentence was excessive, particularly given his age at sentencing, *see id.* at 1, 8-11; that his medical circumstances justify compassionate release, *see id.* at 1, 5, 8; and that his attorney provided ineffective assistance by not requesting a psychiatric evaluation "for the purpose of mitigation at sentencing," due his documented Post-Traumatic Stress Disorder ("PTSD"), *id.* at 5.  Clayton maintains that the 18 U.S.C. § 3553 sentencing factors support his early release.  *See id.* at 6-11.

## II.  DISCUSSION

A.      Relevant Legal Authority

Where, as here, a motion for reconsideration is filed more than 28 days after the denial of a motion for compassionate release, a court will "treat it as if it were a Rule 60(b) motion, as long as the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief."  *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021) (quotations omitted).  Rule 60(b) "permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of

3

circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quotation

omitted).   These include:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final

judgment, although it can be modified pursuant to the provisions of 18 U.S.C. §

3582(c).  At issue in this case is a requested modification under § 3582(c)(1)(A)(i),

which states in relevant part as follows:

The court may not modify a term of imprisonment once it has been imposed except that—

(1)   in any case—

(A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i)   extraordinary and compelling reasons warrant such a reduction . . . .

4

18 U.S.C. § 3582(c)(1)(A)(i).

> The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022); *see also Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (holding that "the burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors" (quotations and alterations omitted)).

B.    Analysis

Clayton filed his Motion [27] for Reconsideration more than 28 days after entry of the Court's prior Order [24], which had concluded that no extraordinary and compelling reasons exist justifying a sentence reduction and that the § 3553 factors also weigh against one. *See* Mot. [27]; Order [24].  Having reviewed the current Motion [27] for Reconsideration and its earlier Order [24], the Court properly denied Clayton's Motion [18] for Compassionate Release. *See* Order [24] at 6-12.  Clayton has not shown any error in, or any basis for reconsidering, the Court's prior ruling, and his Motion [27] for Reconsideration should be denied.  In light of this denial, Clayton's Motion [28] for a Video Conference Hearing is therefore moot.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant John Roger Clayton's Motion [27] for Reconsideration is **DENIED**.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant John Roger Clayton's Motion [28] for Video Conference Hearing is **DENIED** as moot.

**SO ORDERED AND ADJUDGED**, this the 21st day of May, 2026.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE